IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICROSOFT CORPORATION, a )
Washington Corporation )
    Plaintiff, )
)
 v. ) No. 06 C 3813
)
SOFTWARE PLUS, INC., an )
Illinois Corporation, and )
STEVEN HERZOG, an individual )
    Defendants. )

<u>MEMORANDUM ORDER</u>

Defendants Software Plus, Inc. and Steven Herzog have just filed, some 3-1/2 months after the September 6 filing of their Amended Answer to the Complaint brought against them by Microsoft Corporation ("Microsoft"), a set of Affirmative Defenses ("ADs"). Even apart from the untimeliness of such a filing, separated as it is from the Amended Answer and tendered without seeking leave to file from this Court, several of the ADs are problematic from a substantive perspective. Here are the obvious difficulties they pose:

1. Any claimed failure to mitigate damages, as asserted in AD 1, is totally speculative (this Court notes that it is stated "[o]n information and belief") and is hence premature.

2. ADs 2, 3, 4, 10 and 11 are simply boilerplate recitals of types of ADs listed in Fed.R.Civ.P. ("Rule") 8(c). As such, they fail to meet even the generous standard of notice pleading that is applicable to defendants as

well as plaintiffs under the Rules.

3. AD 5, which parrots the equivalent of a Rule 12(b)(6) motion, is not a proper AD -- and it is groundless to boot.

4. AD 6 appears unsound on its face. To be asserted properly, it must be fleshed out in appropriate fashion.

5. ADs 7 and 8 are not readily understandable as framed. Once again any effort to assert such defenses must be more precisely framed and coupled with appropriate legal support.

This memorandum order has not sought to be comprehensive in nature -- there may be other -- flaws that Microsoft will target as and when defendants seek to present proposed ADs in an appropriate fashion. For the present, however, the current filing is stricken in its entirety.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 26, 2006